IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. HARRIS, et al. | § | PLAINTIFFS |
| | § | |
| V. | § | Civil No.1:04cv598HSO-RHW |
| | § | |
| BRUSH WELLMAN INC., et al. | § | DEFENDANTS |

**ORDER AND REASONS DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 30, 2007,
ORDER AND DENYING PLAINTIFF'S REQUEST FOR ORAL ARGUMENT**

BEFORE THE COURT is Plaintiffs' November 2, 2007, Motion for Reconsideration [117] of the Court's October 30, 2007, Order and Reasons Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Granting Defendants' Motion to Exclude the Expert Report and Testimony of Dr. Lisa Maier, and Granting Defendants' Motion to Exclude Evidence [115], and a Request for Oral Argument.  Defendant Brush Wellman, Inc. ("Brush Wellman"), filed an Opposition [120] on or about November 6, 2007.  Defendant The Boeing Company ("Boeing") filed a Joinder [125] to Brush Wellman's Opposition on or about November 6, 2007.  Plaintiffs did not file a Rebuttal.  Having considered the submissions, the record in this case and the relevant legal authorities, the Court finds that Plaintiffs' Motion for Reconsideration is not well-taken and should be denied.

I.  DISCUSSION

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to

correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiffs' Motion for Reconsideration seeks relief under the third prong of the aforementioned standard. *See* Pls.' Mot. for Recons. at p. 1.

In their Motion, Plaintiffs assert that the Court disregarded the following evidence in its October 30, 2007, Order: (1) Dr. Maier's testimony that beryllium sensitization constitutes an injury; (2) her testimony that beryllium sensitization will develop into Chronic Beryllium Disease ("CBD") in virtually all cases; and (3) her conclusions regarding her diagnosis of Plaintiff Alvin Pittman ("Pittman") with CBD. *See* Pls.' Mot. for Recons. at p. 2-6. Plaintiffs maintain that National Jewish Medical and Research Center ("NJMC") had sole responsibility for locating Plaintiff Pittman's pathology slides, and that Pittman should not be "put out of Court" because of NJMC's failure to locate the slides prior to the November 14, 2006, production deadline contained in the Court's Discovery Order. *See id.* at p. 7. Plaintiffs suggest that "manifest injustice" will result if the Court does not reconsider its October 30, 2007, Order and deny Brush Wellman's various Motions.[1] *See id.* at p. 1, 8.

"Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments

---

[1]The Court, in its October 30, 2007, Order, ruled on Defendants' Motion for Summary Judgment [69], Motion to Exclude the Expert Report and Testimony of Dr. Lisa Maier [94], and Motion to Exclude Evidence Withheld by Plaintiff in Violation of a Court Order [102] (hereinafter collectively referred to as "Motions").

or present evidence that could have been raised prior to entry of judgment." *Keating v. North Oaks Medical Center*, No. 06-10557, 2007 WL 2155783, at * 1 (E.D. La. July 26, 2007)(*quoting Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, at *1 (E.D. La. Feb. 11, 2000)); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE s 2810.1 (2d. ed. 1995). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration and Production Inc v. Smackco*, No. 98-2293, 1999 WL 539548, at *1 (E.D. La. 1999); *see also Joe v. Minnesota Life Ins. Co.*, 272 F.Supp.2d 603, 604 (S.D. Miss. 2003). Here, Plaintiffs have not convinced the Court that reconsideration of its October 30, 2007, Order in the manner requested by them is appropriate.

In its October 30, 2007, Order, the Court extensively examined Dr. Maier's testimony within the confines of existing Mississippi law to determine that beryllium sensitization did not constitute a compensable injury. *See Harris v. Brush Wellman*, 2007 U.S. Dist. LEXIS 81970, at *11-15, 34-47 (S.D. Miss. October 30, 2007).

The Court also carefully evaluated the admissibility of certain evidence attributable to Plaintiff Pittman. Because Dr. Maier's testimony regarding Pittman's diagnosis of CBD was unreliable within the meaning of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), it was properly excluded from evidence. *See Harris*, 2007 U.S. Dist. LEXIS 81970, at *16-28. Pathology slides produced on May 10, 2007, were also properly excluded from evidence pursuant to Federal Rule of Civil Procedure 37(b)(2), for the failure to abide by the Court's October 16, 2006,

Discovery Order setting a November 14, 2006, production deadline.  *See id.* at *28-34.  That the Discovery Order may have been consented to by the parties and that NJMC may have not been able to locate the slides prior to the November 2006, deadline do not discharge Plaintiffs from their obligations under the Discovery Order.

Because the Court finds that Plaintiffs' Motion does not satisfy the criteria necessary to grant reconsideration, their Motion must be denied.

## II.  CONCLUSION

After careful consideration of the instant Motion, the pleadings on file, and the relevant legal authorities, the Court finds that Plaintiffs have not shown that the Court committed a clear error in, or that manifest injustice will result from, its October 30, 2007, Order.  Based on the foregoing, the Court likewise denies Plaintiffs' request for oral argument.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for Reconsideration of the Court's October 30, 2007, Order, with incorporated Request for Oral Argument [117], should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 27th day of November, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE