IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| JOSEPH P. HARRIS, et al. | § | PLAINTIFFS |
|---|---|---|
| | § | |
| V. | § | Civil No.1:04cv598HSO-RHW |
| | § | |
| BRUSH WELLMAN INC., et al. | § | DEFENDANTS |

### ORDER AND REASONS GRANTING DEFENDANTS' CROSS- MOTION TO RECONSIDER SUMMARY JUDGMENT AS TO PLAINTIFF MARLIN MORAN

BEFORE THE COURT is Defendant Brush Wellman, Inc.'s ("Brush Wellman"), November 6, 2007, Cross-Motion [121] to Reconsider Summary Judgment as to Plaintiff Marlin Moran. Defendant Wess-Del, Inc. ("Wess-Del"), filed a Joinder [124] to Brush Wellman's Cross-Motion on or about November 6, 2007. Plaintiffs filed an Opposition [126] on or about November 16, 2007. Defendants filed a Rebuttal [128] on or about November 19, 2007.

Having considered the submissions, the record in this case and the relevant legal authorities, the Court finds that Defendants' Cross-Motion for Reconsideration is well-taken and should be granted, and that summary judgment should be entered in Defendants' favor on the claims of Plaintiff Marlin Moran ("Moran").

I. DISCUSSION

"To succeed on a motion for reconsideration, a party must 'clearly establish either a manifest error of law or fact....'" *Brownell Land Co., L.L.C. v. Oxy USA, Inc.*, No. 05-225, 2007 WL 2900486, at *1 (E.D. La. Oct. 2, 2007)*(quoting Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). After a review of the issues raised in

their Cross-Motion for Reconsideration and Joinder and the relevant portions of the record, the Court is of the opinion that Defendants correctly assert that, in its October 30, 2007, Order, the Court inadvertently overlooked determinative portions of Dr. Philip Harber's ("Dr. Harber") diagnostic report on Moran.  Dr. Harber was one of Plaintiff's treating physicians.  See Defs.' Mot. for Summ. J. at p. 6 (stating that Dr. Philip Harber was Moran's pulmonologist.)  The Court agrees that this oversight warrants reconsideration of Defendants' Motion for Summary Judgment as it relates to the claims of Plaintiff Moran.

The Court's October 30, 2007, Order found summary judgment appropriate as to Plaintiffs Joseph P. Harris, Terry R. Lemon, Rodney Sorapuru, and Alvin Pittman, Sr., since there were no genuine issues of material fact as to whether Plaintiffs suffered from Chronic Beryllium Disease ("CBD").  *See Harris v. Brush Wellman*, 2007 U.S. Dist. LEXIS 81970, at * 13-14, 51-52 (S.D. Miss. October 30, 2007).  Based upon the arguments and submissions of both parties, the Court held that "the current diagnostic criteria for CBD requires the demonstration of an immune response to beryllium (i.e., sensitization), usually based on an abnormal BeLPT or (BAL)LPT, *plus a demonstration of granulomous inflammation on biopsy manifested by granulomas and/or mononuclear cell infiltrates.*" *See id.* at *13 (emphasis added).

Upon review of the record, it is clear that neither granulomas nor mononuclear cell infiltrates are medically cognizable in Plaintiff Moran.  Dr. Harber

stated unequivocally in Moran's diagnostic report that his biopsy did not show either granulomas or mononuclear infiltrates, and therefore, a diagnosis of CBD could not be established.  *See* Moran's Medical Records, attached as Ex. "1" to Defs.' Cross-Mot. for Recons.

> Based on the *currently, widely used criteria, [Moran] would not be considered to have disease involving the lungs*.  Specifically, current practice is to take a diagnosis of CBD if there are two characteristics present–[1] histopathological changes of granulomas or definite mononuclear cellular infiltrate as well as [2] definite immunologic reactivity within the lung to beryllium.  In this case, the biopsy is [sic] did not show either granuloma or mononuclear infiltrate.

*See id.* (emphasis added).

The references in Plaintiff's medical records to Dr. Harber's opinion suggesting a "possible" diagnosis of CBD do not meet the criteria set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and are insufficient as a matter of law to support any claimed diagnosis of Plaintiff Moran with CBD.  Particularly, Dr. Harber noted that

> [t]he available data indicate that Marlin Moran can be best classified as Sensitized, possible early CBD...[t]he current data suggest that [CBD] (the disease of the lungs) is possible, but not definite...I think that he could be best characterized as showing 'beryllium sensitization and possible/probable chronic beryllium disease'...he cannot be considered to be negative and free of CBD.

*Harris*, 2007 U.S. Dist. LEXIS 81970, at *16, n. 4 (*quoting* Moran's Medical Record at 11, attached as Ex. "E" to Pls.' Resp. to Defs.' Mot. for Summ. J.).

"An expert opinion must rest in reasonable medical probability to constitute evidence of causation."  *Gutierrez v. Excel Corp.*, 106 F.3d 683, 689 (5th Cir. 1997).  The Fifth Circuit has determined that mere "suggestiveness" of a causal relationship

3

is not statistically significant under *Daubert*. *See Allen v. Pa. Engineering Corp.*, 102 F.3d 194, 197 (5th Cir. 1996); *see also Anderson v. Bristol Myers Squibb Co.*,No. H-95-0003, 1998 WL 35178199, at *4 (S.D. Tex. April 20, 1998)(finding "courts have repeatedly emphasized that an expert's testimony as to evidence which 'suggests' a correlation is insufficient to scientifically support a causal connection."). Based on the law and the record, Dr. Harber's opinions, which are at best suggestive of CBD in Plaintiff Moran, are not statistically significant and cannot be considered a reliable basis for a diagnosis of CBD under *Daubert*.

Because the Court finds that it inadvertently overlooked determinative medical evidence relating to the absence of CBD in Plaintiff Marlin Moran, it must reconsider Defendants' Motion for Summary Judgment as well as its October 30, 2007, Order, and must grant summary judgment as to the claims of Plaintiff Marlin Moran. Plaintiff Marlin Moran's claims are hereby dismissed as to all Defendants.

## II.  CONCLUSION

After careful consideration of the instant Cross-Motion, the pleadings on file, and the relevant legal authorities, the Court finds that Brush Wellman's Cross-Motion for Reconsideration must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brush Wellman, Inc.'s Cross-Motion [121] for Reconsideration of Summary Judgment as to Plaintiff Marlin Moran, should be and is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, based on the

foregoing, summary judgment is appropriate in favor of Defendants on claims raised by Plaintiff Marlin Moran, and the Court hereby directs entry of summary judgment in Defendants' favor on all claims.  Accordingly, this civil action is hereby dismissed.

**SO ORDERED AND ADJUDGED,** this the 27th day of November, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE